UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHCS – Mental Health and Wellness Inc., | CV 21-7694-RSWL-DFMx |
| Plaintiff, | **ORDER re: DEFENDANT'S MOTION TO DISMISS** [12]; |
| v. | **PLAINTIFF'S MOTION TO STRIKE** [16] |
| The Local Initiative Health Authority for Los Angeles County; et al., | |
| Defendants. | |

AHCS – Mental Health & Wellness, Inc. ("Plaintiff") brings this Action against the Local Initiative Health Authority for Los Angeles County ("Defendant") alleging: (1) government deprivation of property without due process; (2) violation of 42 U.S.C. § 1983; and (3) failure to discharge mandatory duty to obey provisions of the Knox-Keene Health Care Service Plan Act of 1975 ("Knox-Keene Act").  Currently before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint

("Motion to Dismiss") [12] pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) filed by Defendant, and a Motion to Strike Defendant's New Arguments ("Motion to Strike") [16] filed by Plaintiff.  Having reviewed all papers submitted pertaining to the motions, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Motion to Strike.

**I.  BACKGROUND**

**A.  <u>Factual Background</u>**

Plaintiff alleges the following in its FAC:

Defendant is a public health agency that provides health care to low-income Los Angeles County residents. Notice of Removal, Ex. A 5:1-16:13 ("Compl.") ¶ 2(a), ECF No. 1-1.  Defendant is regulated by the Knox-Keene Act, which serves to regulate health care service plans within the State of California.  <u>See generally</u> <u>id.</u>; <u>see also</u> Laws & Regulations, <u>Department of Managed Health Care</u>, https://www.dmhc.ca.gov/aboutthedmhc/lawsregulations.aspx.

Plaintiff is a private network pharmacy.  <u>Id.</u> ¶ 11. Plaintiff would obtain authorizations to fill and dispense prescriptions presented by members of Defendant's health care plan and was subsequently reimbursed by Defendant through Defendant's pharmacy benefit manager, Navitus Health Solutions, LLC ("Navitus").  <u>Id.</u> ¶¶ 11-16.  Navitus disbursed the

1   reimbursements into Plaintiff's central payment account.

2   Id. ¶ 12.  Navitus also managed Defendant's prior

3   authorizations for drugs that required prior

4   authorization from a doctor before they could be

5   dispensed.  Id. ¶¶ 15-16.

6       INGREZZA is a drug that Plaintiff would dispense to

7   Defendant's members that required prior authorization.

8   Id. ¶¶ 17, 20.  Between 2017 and 2019, Plaintiff

9   dispensed 254 INGREZZA[1] prescriptions to Defendant's

10  patients for a total value of $1,478,814,28 ("INGREZZA

11  Claims Amount").  Id. ¶¶ 20-24.

12      On or about February 8, 2020, without notice and

13  unbeknown to Plaintiff, Defendant or its agent began to

14  reverse and recover the INGREZZA Claims Amount from

15  Plaintiff's remittance account in small allotments.  Id.

16  ¶ 25.  Around August 7, 2020, Plaintiff inquired about

17  the debits to the remittance account, and Defendant

18  responded through its agent with a copy of a form

19  letter, dated January 8, 2020, advising Plaintiff that

20  Defendant intended to reverse and recover the INGREZZA

21  Claims Amount by deducting it from Plaintiff's future

22  remittances.  Id. ¶ 26.  Defendant, or its agent, never

23  served notice or otherwise provided the January 8, 2020

24  letter to Plaintiff.  Id. ¶ 28.

25  ///

26

27      [1] INGREZZA is an expensive, non-formulary drug prescribed to

28  treat tardive dyskinesia (costing about $6,000 per single
    prescription).  Id. ¶ 17; Mot. to Dismiss 2:15-16. ECF No. 12-1.

1    On August 28, 2020, Plaintiff served a timely
2  objection and appeal on Defendant and Navitus regarding
3  the INGREZZA Claims Amount.  Id. ¶ 30.  The appeal went
4  unanswered, and Plaintiff's appeal was rejected by
5  operation of law on October 12, 2020.  Id. ¶ 7, 31.
6  **B.   Procedural Background**
7    On May 27, 2021, Plaintiff sued Defendant in the
8  Superior Court of California, County of Los Angeles.
9  See generally Compl.  The original complaint asserted
10 state law causes of action including conversion,
11 misrepresentation, and unfair competition.  Id.
12 Defendant filed a demurrer [1-1] explaining that
13 Plaintiff's claims were foreclosed for failure to comply
14 with the California Government Claims Act.  Notice of
15 Removal, Ex. A 31:1-41:18 ("Demurrer"), ECF No. 1-1.
16 Plaintiff did not oppose the demurrer and instead filed
17 the instant First Amended Complaint ("FAC") on August
18 27, 2021.  Defendant timely removed [1] on September 27,
19 2021.
20    Plaintiff alleges three causes of action in its
21 FAC: (1) government deprivation of property without due
22 process; (2) 42 U.S.C. § 1983 claim for damages; and (3)
23 failure to discharge mandatory duty to obey provisions
24 of the Knox-Keene Act in violation of California Health
25 & Safety Code sections 1731.8 and 1371.37.  See
26 generally FAC.
27 ///
28

4

1

## II.   DISCUSSION

2   **A.   <u>Legal Standard</u>**

3       1.   <u>Motion to Dismiss</u>

4       Federal Rule of Civil Procedure ("Rule") 12(b)(6)

5   allows a party to move for dismissal on one or more

6   claims if a pleading fails to state a claim upon which

7   relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under

8   Rule 8(a), a complaint must contain "a short and plain

9   statement of the claim showing that the pleader is

10  entitled to relief" to give the defendant "fair notice

11  of what the . . . claim is and the grounds upon which it

12  rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555

13  (2007); <u>see also</u> Fed. R. Civ. P. 8(a).  Dismissal is

14  proper "where the complaint lacks a cognizable legal

15  theory or sufficient facts to support a cognizable legal

16  theory." <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521

17  F.3d 1097, 1104 (9th Cir. 2008) (citing <u>Balistreri v.</u>

18  <u>Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

19  1988)).

20      "To survive a motion to dismiss, a complaint must

21  contain sufficient factual matter, accepted as true, to

22  'state a claim to relief that is plausible on its

23  face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)

24  (quoting <u>Twombly</u>, 550 U.S. at 570).  While a complaint

25  need not contain detailed factual allegations, it must

26  provide more than "labels and conclusions" or "a

27  formulaic recitation of the elements of a cause of

28  action." <u>Twombly</u>, 550 U.S. at 555.  The plaintiff must

1  allege enough facts "to raise a right to relief above
2  the speculative level."  Id.  In evaluating a Rule
3  12(b)(6) motion, a court must take all well-pleaded
4  allegations of material fact as true and construe them
5  in the light most favorable to the nonmovant.  Great
6  Minds v. Off. Depot, Inc., 945 F.3d 1106, 1109 (9th Cir.
7  2019).  A court may generally consider only "the
8  complaint itself and its attached exhibits, documents
9  incorporated by reference, and matters properly subject
10  to judicial notice."  In re NVIDIA Corp. Sec. Litig.,
11  768 F.3d 1046, 1051 (9th Cir. 2014).
12  **B.  Discussion**
13      Defendant moves to dismiss Plaintiff's FAC in its
14  entirety for failure to state a claim pursuant to Rule
15  12(b)(6).  See generally Mot. to Dismiss, ECF No. 12-1.
16  Plaintiff argues in opposition that Defendant
17  misrepresents Plaintiff's claims and that its claims are
18  properly pled.  See generally Opp'n, ECF No. 13.
19  Plaintiff also moves to strike portions of Defendant's
20  Reply, or in the alternative, requests leave to file a
21  sur-reply, arguing that Defendant improperly raised new
22  arguments.  See generally Mot. to Strike, ECF No. 16.
23      1.  Requests for Judicial Notice
24      Pursuant to Federal Rule of Evidence 201, "[a]
25  court may judicially notice a fact that is not subject
26  to reasonable dispute because it . . . can be accurately
27  and readily determined from sources whose accuracy
28  cannot reasonably be questioned."  While a court may

6

judicially notice matters of public record, a court may not judicially notice the substance of such records if they are subject to reasonable dispute.  Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001) (stating that a court may take judicial notice of the fact that certain court records were filed but not of the truth of any facts stated therein).

a.  *Defendant's Requests for Judicial Notice*

Defendant requests the Court to take judicial notice of the following five documents: (1) Complaint in AHCS v. Navitus Health Solutions, LLC., Case No. 21STCV03554 ("Exhibit 1"); (2) Los Angeles County Board of Supervisors Ordinance No. 94-0100 ("Exhibit 2"); (3) Los Angeles County Code of Ordinances, Chapter 37 Local Initiative Health Authority for Los Angeles County, §§ 3.37.010, 3.37.020, and 3.37.030 ("Exhibit 3"); (4) an excerpt from the Roster of Public Agencies maintained by the California Secretary of State ("Exhibit 4"); and (5) a public record copy of Defendant's California Government Claim Presentation Policy ("Exhibit 5").  See generally Def.'s Req. for Judicial Notice, ECF No. 12-2.

Exhibit 1 is a court filing in a related proceeding and Exhibit 5 is a matter of public record, and thus both exhibits are properly subject to judicial notice. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (finding that a court may take judicial notice of court filings and other matters of public record).

Exhibits 2, 3, and 4 are also subject to judicial notice because they are official documents from local counties or the State of California.  Courts "may take notice of local ordinances . . . and the official resolutions, reports, and other official acts of a city."  Longshore v. County of Ventura, 25 Cal.3d 14, 24 (1979); Shapiro v. San Diego City Council 96 Cal. App. 4th 904, 907 (Cal. Ct. App. 2002).

Accordingly, Defendant's requests for judicial notice are **GRANTED** as to Exhibits 1-5.  However, the Court does not judicially notice any reasonably disputed facts within these filings.  See Selane Prods., Inc. v. Cont'l Cas. Co., No. 2:20-cv-07834-MCS-AFM, 2020 WL 7253378, at *3 (C.D. Cal. Nov. 24, 2020).

b.  *Plaintiff's Requests for Judicial Notice*
Plaintiff requests the Court to take judicial notice of the following two documents: (1) Navitus' Answer and Affirmative Defenses to the Complaint in AHCS v. Navitus Health Solutions, LLC., Case No. 21STCV03554 ("Exhibit 1"); and (2) Defendant's California Government Claims Act Form for Money or Damages ("Exhibit 2").  See generally Pl.'s Req. for Judicial Notice, ECF No. 13-1; Pl.'s Req. for Judicial Notice in Opp. to Reply, ECF No. 15.

Exhibit 1 is a court filing and Exhibit 2 is a matter of public record.  As such, both are subject to judicial notice.  Reyn's Pasta Bella, 442 F.3d at 746 n.6.

1   Accordingly, Plaintiff's requests for judicial
2   notice are **GRANTED** as to Exhibits 1 and 2.  However, the
3   Court does not judicially notice any reasonably disputed
4   facts within these filings.  <u>See</u> <u>Selane Prods., Inc. v.</u>
5   <u>Cont'l Cas. Co.</u>, No. 2:20-cv-07834-MCS-AFM, 2020 WL
6   7253378, at *3 (C.D. Cal. Nov. 24, 2020).
7       2.  <u>Plaintiff's Motion to Strike Defendant's Reply</u>
8       Plaintiff moves to strike new arguments raised by
9   Defendant in its Reply, or in the alternative, requests
10  leave to file a sur-reply.  <u>See generally</u> Mot. to
11  Strike.  The Court **DENIES** the Motion to Strike in its
12  entirety because Defendant did not raise new issues in
13  its Reply.
14      "It is well established in this circuit that . . .
15  appellants cannot raise a new issue for the first time
16  in their reply briefs."  <u>Eberle v. City of Anaheim</u>, 901
17  F.2d 814, 818 (9th Cir. 1990) (internal quotation marks
18  omitted).  "Where new evidence is presented in a reply
19  to a motion . . . the district court should not consider
20  the new evidence without giving the [non-]movant an
21  opportunity to respond."  <u>Provenz v. Miller</u>, 102 F.3d
22  1478, 1483 (9th Cir. 1996).
23      Defendant argued in its Reply that it never
24  authorized Navitus as its designee, and therefore
25  Plaintiff's first claim should be dismissed because it
26  was not presented to the proper recipient.  <u>See</u>
27  <u>generally</u> Reply.  Plaintiff alleges that this was an
28  "entirely new argument."  Mot. to Strike 1:17.  The

1   Court disagrees.  Plaintiff had ample opportunity to
2   allege compliance with the claim presentation
3   requirements under the California Government Claims Act
4   in its Opposition but, instead, chose to quote an
5   excerpt from its FAC and argue that a claim was properly
6   presented to Defendant's designee.  See Opp'n at 3:12-
7   4:7.  Defendant's Reply was therefore within the scope
8   of Plaintiff's Opposition as Defendant was merely
9   responding to Plaintiff's assertion that Defendant had a
10  designee.  The arguments in Defendant's Reply are not so
11  different from those in its Motion to Dismiss.  Compare
12  Mot. to Dismiss at 5:19-20 ("Under the [California
13  Government Claims] Act, a valid claim must be filed with
14  the proper entity.") with Reply at 2:5-13 (elaborating
15  and emphasizing that claims must be served on the
16  "proper entity").  Accordingly, the Court finds that
17  Defendant did not raise a "new issue" in its Reply and
18  **DENIES** Plaintiff's Motion to Strike as to this argument.
19      Plaintiff also argues that "[w]hen faced with
20  Plaintiff's . . . allegations of negligence per se
21  pursuant to [s]ection 815.6 using predicate enactments,
22  . . . Defendant . . . argued, for the first time, that
23  the Knox-Keene Act did not meet the requirements" under
24  section 815.6.  Mot. to Strike 2:3-7.  Although
25  Defendant did not explicitly mention section 815.6 in
26  its Motion to Dismiss, it did argue that Plaintiff has
27  no private right of action under the Knox-Keene Act.
28  See Mot. to Dismiss at 7:16-17.  Thus, in refuting

Plaintiff's contention that section 815.6 creates a private right of action pursuant to the Knox-Keene Act, Defendant was supporting its original argument that a private right of action does not exist under the Knox-Keene Act.  Reply at 5:3-6.  Further, in dismissing Plaintiff's third claim, the Court did not rely on Defendant's arguments regarding section 815.6 because the case law is clear: there is no private right of action under the Knox-Keene Act.

Accordingly, Plaintiff's Motion to Strike is **DENIED** in its entirety.

3.  Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's FAC in its entirety for three reasons: (1) Plaintiff lacks a private right of action to bring its first claim; (2) Plaintiff does not plead the elements of a § 1983 claim in its second cause of action; and (3) Plaintiff did not comply with the California Government Claims Act in bringing its third claim and lacks a private right of action to do so.  See generally Mot. to Dismiss.

a.  *Plaintiff's First Claim: Government Deprivation of Property without Due Process*

In its FAC, Plaintiff avers that Defendant has a "duty to obey Article I, Sections 7 and 15 of the California Constitution and the Fourteenth Amendment to the U.S. Constitution . . . ."  FAC ¶ 35.  Defendant argues in its Motion to Dismiss that Plaintiff does not have a private right of action under either the

California or the U.S. Constitutions to pursue its first claim.  Mot. to Dismiss at 8:4-9:13.  Plaintiff argues in opposition that its first cause of action is also brought pursuant to California Government Code section 815.6, which creates a private right of action based on Defendant's mandatory duty to obey the California and U.S. Constitutions.  Opp'n at 5:13-16.  Plaintiff's argument is unavailing.

California Government Code section 815.6 states: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."  Cal. Gov. Code § 815.6.  For a public entity to be liable under section 815.6, "(1) an enactment must impose a mandatory, not discretionary, duty, (2) the enactment must intend to protect against the kind of risk of injury suffered by the party asserting section 815.6 as a basis for liability, and (3) breach of the mandatory duty must be a proximate cause of the injury suffered."  Tirpak v. L.A. Unified School Dist., 187 Cal. App. 3d 640, 642 (Cal. Ct. App. 1986).

Here, Plaintiff's argument fails on the first prong because it does not rely on an enactment that imposes a mandatory duty.  California courts have rejected the

notion that the U.S. and California Constitutions create
a mandatory duty giving rise to a private right of
action under section 815.6.  See, e.g., Rodriguez v.
City of Los Angeles, 2015 U.S. Dist. LEXIS 190012, at
*46-47 (C.D. Cal. May 8, 2015) ("General constitutional
provisions, such as the . . . Fourteenth Amendment[] [of
the U.S. Constitution] and the analogous provisions of
the California Constitution, do not create an
affirmative mandatory duty or provide implementing
guidelines.").  Accordingly, Plaintiff does not have a
private right of action to bring its first claim under
either Article I, Sections 7 and 15 of the California
Constitution or the Fourteenth Amendment of the U.S.
Constitution.  See Azul-Pacifico, Inc. v. Los Angeles,
973 F.2d 704, 705 (9th Cir. 1992) ("[A] litigant
complaining of a violation of a constitutional right
must utilize 42 U.S.C. § 1983."); Finnegan v. Clark,
2018 U.S. Dist. LEXIS 97037, at *25 (C.D. Cal. May 22,
2018) ("There is no private right of action under the
Fourteenth Amendment . . . ."); Parks v. Bd. of Trs. of
the Cal. State Univ., 2009 U.S. Dist. LEXIS 144556, at
*16 (E.D. Cal. Oct. 5, 2009) ("There is no private right
of action for a violation of the equal protection clause
of California Constitution Article I, Section 7.");
Dragasits v. Rucker, 2020 U.S. Dist. LEXIS 8851, at *13
(S.D. Cal. Jan. 17, 2020) ("Neither sections 15 nor 17
of the California Constitution permit an action for
damages.").

1   As such, the Court **GRANTS** Defendant's Motion to
2   Dismiss with respect to Plaintiff's first claim.
3          b.   *Plaintiff's Second Claim: 42 U.S.C. § 1983*
4               *Claim for Damages*
5   Defendant argues that Plaintiff's second claim
6   fails to meet the requisite elements for a § 1983 cause
7   of action.  See generally Mot. to Dismiss.  Plaintiff
8   does not address Defendant's arguments in its
9   Opposition.  See Opp'n at 6:9-15.  Rather, Plaintiff
10  argues that it "obtained new, previously unknown
11  information" and therefore seeks leave to amend its
12  § 1983 claim.  Id.  The Court finds that Plaintiff has
13  not met the first element for a § 1983 claim and
14  therefore **GRANTS** Defendant's Motion to Dismiss with
15  respect to this claim.
16  The Fourteenth Amendment of the U.S. Constitution
17  protects individuals against the deprivation of liberty
18  or property by the government without due process.  See
19  generally U.S. Const. amend. XIV.  "A § 1983 claim based
20  upon the deprivation of procedural due process thus has
21  three elements: (1) a liberty or property interest
22  protected by the Constitution; (2) a deprivation of the
23  interest by the government; and (3) lack of process."
24  McCracken v. Lockwood Sch. Dist. No. 26, 208 F. App'x
25  513, 515 (9th Cir. 2006) (citing Portman v. County of
26  Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993)).
27  "Property interests are not created by the
28  Constitution but instead are created, and their

dimensions are defined, by existing rules or understandings that stem from an independent source such as state law." OneLegacy v. City of Monterey Park, 2019 WL 6729723, at *4 (C.D. Cal. Aug. 21, 2019) (quoting Bd. of Regents v. Roth, 408 U.S. 564, 566 (1972) (internal quotation marks omitted)).  The U.S. Supreme Court has been reluctant to find that a private party's contract with a state agency creates a constitutionally protected property interest.  See Lujan v. G & G Fire Sprinklers, Inc., 532 U.S. 189, 196 (2001).  Lujan concerned a contractual dispute where a fire sprinkler company alleged that it had been deprived of a payment owed by the State of California.  Id.  The Supreme Court stated that the company did not have a constitutionally protected property interest in the disputed contractual amount, noting that the case was distinguishable from those where plaintiffs had been denied a present entitlement to "exercise ownership dominion over real or personal property, or to pursue a gainful occupation." Id.  The Supreme Court ultimately held that the company's interest could be "fully protected by an ordinary breach-of-contract suit" and that "if California makes ordinary judicial process available to [the company] for resolving its contractual dispute, that process is due process."  Id. at 196-97. Therefore, the company was not deprived of due process by the state's alleged failure to pay the company under the contract.  Id.

1     Here, Plaintiff alleges that it has a
2 constitutionally protected property interest in the
3 INGREZZA Claims Amount.  See generally Compl.  The Court
4 disagrees given the Supreme Court's holding in Lujan.
5 Similar to Lujan, the dispute here is contractual
6 because the INGREZZA Claims Amount centers on a contract
7 between Plaintiff and a third party, Navitus.  See
8 generally FAC.  And just as in Lujan, Plaintiff's
9 interest can be fully protected by an ordinary breach-
10 of-contract suit.  Like in Lujan, this action was filed
11 in California, a state which provides ordinary judicial
12 process for resolving contractual disputes.  Indeed,
13 Plaintiff filed a lawsuit in the Superior Court of the
14 State of California alleging various claims before this
15 Action was removed to this Court.  See generally Compl.
16 Accordingly, the Court finds that Plaintiff does not
17 have a constitutionally protected property interest in
18 the INGREZZA Claims Amount and that Plaintiff was not
19 deprived of due process since ordinary judicial process
20 remains available to Plaintiff.  As such, Plaintiff has
21 not met the first element for a valid § 1983 claim, and
22 the Court need not address whether the second and third
23 elements have been satisfied.  The Court therefore
24 **GRANTS** Defendant's Motion to Dismiss with regard to the
25 § 1983 claim.
26
27 ///
28 ///

1
2
3

      *c.  Plaintiff's Third Claim: Failure to*
          *Discharge Mandatory Duty to Obey Provisions*
          *of the Knox-Keene Act*

4
5

          *i.  Plaintiff Did Not Comply with the*
             *California Government Claims Act*

6        Defendant argues that Plaintiff's third claim
7   should be dismissed in part because it is subject to the
8   California Government Claims Act, with which Plaintiff
9   did not comply.  See generally Mot. to Dismiss.  In
10  opposition, Plaintiff argues that it did comply with the
11  California Government Claims Act.  See generally Opp'n.
12  Plaintiff's argument is unavailing for the reasons set
13  forth below.

14       "In order to bring suit for damages against a
15  public entity, the California Government Claims Act
16  requires that a plaintiff give notice to the public
17  entity with written claims and that the public entity
18  reject those claims."  Brewster v. City of Los Angeles,
19  2020 WL 5991621, at *11 (C.D. Cal. July 14, 2020)
20  (citing Cal. Gov. Code §§ 945.4, 905, 910); see also
21  Nguyen v. Los Angeles Cty. Harbor/UCLA Med. Ctr., 8 Cal.
22  App. 4th 729, 732 (1992) ("The presentation of a claim
23  to a public entity and its rejection are prerequisites
24  to maintaining suit against the entity.").  "The claim
25  filing requirement in the [California] Government Claims
26  Act is more than a procedural requirement, it is a
27  condition precedent to a plaintiff's maintaining an
28  action against a defendant . . . ."  Id. (internal

17

quotation marks and citation omitted).  As such,
"[f]ailure to comply with the mandatory requirements [of
the California Government Claims Act] is fatal to the
cause of action."  Nguyen, 8 Cal. App. 4th at 732.

To present a claim to a public entity under the
California Government Claims Act, a claimant may: (1)
deliver it to the clerk, secretary, or auditor of the
public entity; or (2) mail it to the clerk, secretary,
auditor, or governing body at its principal office.
Cal. Gov. Code § 915(a)(1)-(2).  Plaintiff alleges that
it complied with the claim presentation requirement by
"present[ing] a timely notice of claim to . . .
Defendant's designee[,] [Navitus] . . . ."  Opp'n at
3:25-26.  Claim presentation to Navitus does not
constitute claim presentation to Defendant, however.
See Johnson v. San Diego Unified Sch. Dist., 217 Cal.
App. 3d 692, 697 (1990), modified (Feb. 20, 1990)
(finding no compliance with the California Government
Claims Act where a claim was "addressed to the wrong
entity").  Defendant's Government Claims Presentation
Policy makes clear that its internal Government Claims
Commission is comprised only of its: (1) Chief Executive
Officer; (2) Chief Operating Officer; (3) Chief
Financial Officer; and (4) their respective designees.
Def.'s Req. for Judicial Notice, Ex. 5 at 34, ECF No.
12-2.  Plaintiff's naked assertion that Navitus was
Defendant's designee is therefore insufficient in light
of the clear evidence to the contrary.  See Kaslavage v.

West Kern County Water Dist._, 84 Cal. App. 3d 529, 538
(1978) (holding that service of a claim on one public
entity did not suffice as a claim against another public
entity where there was "nothing in the record" showing
that the entities were comprised of the same members).
Given that Plaintiff has not alleged more than a
conclusory assertion that Navitus was Defendant's
"designee," the Court finds that Plaintiff did not
comply with the California Government Claims Act and
**GRANTS** Defendant's Motion to Dismiss for this reason.
In light of the above, the Court need not address
Defendant's separate argument on whether Plaintiff
presented a timely notice of claim under the California
Government Claims Act.

> *ii. Plaintiff Does Not Have a Private
> Right of Action to Bring its Third
> Claim*

Defendant argues that even if Plaintiff complied
with the California Government Claims Act, that the
third claim should still be dismissed because there is
no private right of action under the Knox-Keene Act.
See generally Mot. to Dismiss.  The Court agrees.

Plaintiff alleges that Defendant violated
California Health and Safety Code section 1371, which is
part of the Knox-Keene Act.  FAC ¶ 48-50.  The case law
is clear—it is well established that private parties may
not bring suit to enforce the Knox-Keene Act.  See Blue
Cross of California, Inc. v. Superior Ct., 180 Cal. App.

4th 1237, 1250 (2009) ("[T]he Knox–Keene Act expressly authorizes the [California Department of Managed Health Care] to enforce the statute and does not include a parallel authorization for suits by private individuals . . . ."); Cal. Surgery Ctr., Inc. v. Unitedhealthcare, Inc., 2020 U.S. Dist. LEXIS 120977, at *7 (C.D. Cal. July 9, 2020) ("As other courts have explained, neither Section 1371.8 nor the Knox–Keene Act, more broadly, includes a private right of action."); Summit Estate, Inc. v. Cigna Healthcare of California, Inc., 2017 U.S. Dist. LEXIS 167462, at *20 (N.D. Cal. Oct. 10, 2017) ("[Section] 1371.8 does not provide Plaintiff with a private cause of action."); Stanford Hosp. & Clinics v. Humana, Inc., 2015 U.S. Dist. LEXIS 128210, at *8 (N.D. Cal. Sept. 23, 2015); California Medical Assn. v. Aetna U. S. Healthcare of California, Inc., 94 Cal. App. 4th 151, 161 (2001) ("[A]ny standing [plaintiff] has to seek enforcement of section 1371 appears to be limited. [Plaintiff] does not have a general power to enforce Knox–Keene.  Instead, such power has been entrusted exclusively to the . . . [California Department of Managed Health Care] . . . .").

Plaintiff attempts to circumvent established case law by arguing that its third cause of action is for Defendant's alleged failure to discharge a mandatory duty pursuant to California Government Code section 815.6, and is "not, per se, a private right of action pursuant to the Knox–Keene Act."  Opp'n at 4:16-18.

1   Plaintiff's cited cases are inapposite and do not
2   support the argument that section 815.6 applies to the
3   Knox-Keene Act.  See generally Haggis v. City of Los
4   Angeles, 22 Cal. 4th 490 (2000); Guzman v. Cty. of
5   Monterey, 46 Cal. 4th 887 (2009).  The Court rejects
6   Plaintiff's attempt to shoehorn a private right of
7   action into the Knox-Keene Act and accordingly **GRANTS**
8   Defendant's Motion to Dismiss Plaintiff's third claim on
9   this additional basis.

10          d.  *Leave to Amend*
11      "The court should give leave [to amend] freely when
12   justice so requires."  Fed. R. Civ. P. 15(a)(2).  In the
13   Ninth Circuit, "Rule 15's policy of favoring amendments
14   to pleadings should be applied with 'extreme
15   liberality.'"  United States v. Webb, 655 F.2d 977, 979
16   (9th Cir. 1981).  Against this liberal standard, the
17   Court may consider "the presence of any of four factors:
18   bad faith, undue delay, prejudice to the opposing party,
19   and/or futility."  Owens v. Kaiser Found. Health Plan,
20   Inc., 244 F.3d 708, 712 (9th Cir. 2001).

21      Given that none of Plaintiff's claims can be cured
22   by amendment, dismissal with prejudice is warranted.
23   Plaintiff does not have a constitutionally protected
24   property interest under § 1983 pursuant to its second
25   claim, and Plaintiff cannot bring its first or third
26   claim because neither provide for a private right of
27   action.  Accordingly, the Court **GRANTS** Defendant's
28   Motion to Dismiss in its entirety **WITH PREJUDICE.**

1

### III.   CONCLUSION

2      Based on the foregoing, the Court **GRANTS**

3 Defendant's Motion to Dismiss **WITH PREJUDICE** and **DENIES**

4 Plaintiff's Motion to Strike.

5

6 **IT IS SO ORDERED.**

7

8 DATED: December 16, 2021 _____/s/ Ronald S.W. Lew_____

9                                              **HONORABLE RONALD S.W. LEW**
                                               Senior U.S. District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28